**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 06-4648**

────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT DIPASALEGNE,

Defendant - Appellant.

────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Robert E. Payne, Senior District Judge.   (3:05-cr-00357-REP-1)

────────────

Submitted:  October 15, 2007          Decided:  October 29, 2007

────────────

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

────────────

Affirmed in part, dismissed in part by unpublished per curiam opinion.

────────────

William J. Dinkin, DINKIN & PURNELL, Richmond, Virginia, for Appellant.   Olivia N. Hawkins, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Dipasalegne pled guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and the district court sentenced him to a 210-month term of imprisonment. On appeal, counsel has filed an <u>Anders</u>[*] brief, stating there are no meritorious issues for appeal but suggesting that Dipasalegne's sentence is unreasonable. Dipasalegne was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal based upon the waiver-of-appellate-rights provision in the plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. <u>United States v. Amaya-Portillo</u>, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005); <u>United States v. Wessells</u>, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Dipasalegne knowingly and voluntarily waived the right to appeal

_____

[*]<u>Anders v. California</u>, 386 U.S. 738 (1967).

- 2 -

his sentence. Moreover, the sentencing issue raised on appeal falls within the scope of the waiver. We therefore grant, in part, the Government's motion to dismiss and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes our review of the sentence, we note that Dipasalegne was not asked whether he understood that he also was waiving the right to appeal his conviction. Thus, the waiver does not preclude our review of any error in Dipasalegne's conviction that may be revealed by our review pursuant to Anders. Our review of the transcript of the plea colloquy leads us to conclude that the magistrate judge and the district court fully complied with the mandates of Rule 11 in accepting Dipasalegne's guilty plea and ensured that Dipasalegne knowingly and voluntarily entered his plea, which was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we deny, in part, the Government's motion to dismiss and affirm the conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Dipasalegne's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further

review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the  facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>